J9K7QUP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

          v.                        18 Cr. 827 (GHW)

SONGHUA QU,

         Defendant.

------------------------------x

                             New York, N.Y.
                             September 20, 2019
                             1:15 p.m.

Before:

                HON. GREGORY H. WOODS
                          District Judge

                    APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  DANIEL NESSIM
     Assistant United States Attorney

RICHARD PALMA
     Attorney for Defendant

ALSO PRESENT:  Victor Chang, Mandarin Interpreter

1          (In open court)

2          (Case called)

3          MR. NESSIM:  Good afternoon, your Honor.  Daniel

4    Nessim for the government.

5          THE COURT:  Good.

6          MR. PALMA:  Good afternoon, your Honor.  For

7    Mr. Songhua Qu, Richard Palma.  I would also like to bring to

8    your Honor's attention that Mr. Qu's son, Dilling Qu, is

9    present in the courtroom.  He has assisted throughout my

10   representation of Mr. Qu.

11         THE COURT:  Thank you.  Good.

12         So, good afternoon, Mr. Qu.  Now, before we go any

13   further, let me note for the record that we're using the

14   services of an interpreter here today.  Mr. Qu, please let me

15   know if you have any difficulty hearing or understanding

16   anything that I or anyone else in the room or the interpreter

17   is saying to you.

18         Can you hear and understand me clearly?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Thank you.  Good.  Thank you very much.

21         Now, I have been informed that you wish to plead

22   guilty to Counts One and Two of the indictment that's numbered

23   18 Cr. 827.  Is that correct?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Thank you.

1          Now, before I accept your guilty plea, I'm going to

2     ask you a number of questions so that I can establish to my

3     satisfaction that you wish to plead guilty because you are in

4     fact guilty and not for some other reason, and also to ensure

5     that you know what it is that you will be giving up if you

6     choose to proceed and enter a guilty plea in this matter.

7          If you don't understand any of my questions, or if you

8     would like to consult with your lawyer at any time or for any

9     reason, please just let me know.  I would be happy to give you

10    as much time as you would like to confer with your lawyer at

11    any point during today's conference, and I would be happy to

12    clarify any of my questions if it would be helpful for you.

13         So, because I'm going to be asking you a number of

14    questions, I'd like to ask you to please stand to take an oath

15    to answer my questions truthfully?

16             THE DEFENDANT:  Yes, sir.

17             (Defendant sworn)

18             THE COURT:  You can be seated.  So, Mr. Qu, you are

19    now under oath, which means that if you answer any of my

20    questions falsely, you can be prosecuted for the separate crime

21    of perjury or making false statements.  The government would

22    have the right to use any statements that you give under oath

23    against you in such a prosecution.  Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Thank you.  So, first, can I please ask

1    you what is your full name?

2             THE DEFENDANT:  My last name is Qu.  My first name is

3    Songhua.

4             THE COURT:  Thank you.  And how old are you?

5             THE DEFENDANT:  I was born on April the 2nd, 1962.

6             THE COURT:  Thank you.

7             Where were you born?

8             THE DEFENDANT:  I was born in China.

9             THE COURT:  Thank you.  Are you a United States

10   citizen?

11            THE DEFENDANT:  No.

12            THE COURT:  Thank you.

13            How far did you go in school?

14            THE DEFENDANT:  I finished the first grade of middle

15   school.

16            THE COURT:  Thank you.

17            Can you please describe for me briefly your employment

18   experience.

19            THE DEFENDANT:  You mean in China and also in the

20   United States?

21            THE COURT:  Yes, please, just briefly.

22            THE DEFENDANT:  In China I operated and worked in

23   noodle shops.  In the U.S. I worked in supermarkets.

24            THE COURT:  Thank you.

25            Have you ever been treated or hospitalized for any

J9K7QUP

1  mental illness?

2          THE DEFENDANT:  No, never.

3          THE COURT:  Are you currently or have you recently

4  been under the care of a physician, psychiatrist or

5  psychologist?

6          THE DEFENDANT:  No.

7          THE COURT:  Are you currently or have you recently

8  been hospitalized or treated for drug addiction?

9          THE DEFENDANT:  No.

10          THE COURT:  Within the past 24 hours, have you used or

11  taken any alcohol, drugs or medication?

12          THE DEFENDANT:  None.

13          THE COURT:  Thank you.

14          Is your mind clear today?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand what is happening in

17  this proceeding?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Thank you.

20          Have you received a copy of the indictment that is

21  pending against you?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Have you had enough of a chance to discuss

24  with your lawyer the case in general and, in particular, the

25  charges to which you intend to plead guilty and any possible

J9K7QUP

1    defenses to those charges?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Thank you.

4              Has your lawyer explained to you the consequences of

5    entering a plea of guilty?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Are you fully satisfied with your lawyer's

8    representation of you?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Thank you.

11             Let me turn to counsel for defendant.  Counsel, have

12   you discussed this matter with your client?

13             MR. PALMA:  Repeatedly, your Honor.

14             THE COURT:  Thank you.

15             Is he capable of understanding the nature of these

16   proceedings?

17             MR. PALMA:  Yes, he has.  Yes, he is.

18             THE COURT:  Thank you.

19             Counsel, do either of you have any doubt as to the

20   defendant's competence to plead at this time?

21             MR. NESSIM:  No, your Honor.

22             MR. PALMA:  I have no doubt, your Honor.

23             THE COURT:  Thank you.

24             On the basis of the defendant's responses to my

25   questions, my observations of his demeanor here in court, and

J9K7QUP

the representations of counsel, I find that the defendant is

competent to enter a plea of guilty at this time.

Now, before we turn to your plea, I'm going to explain

certain constitutional rights that you have.  I do this because

these are rights that you will be giving up if you choose to

proceed and enter a guilty plea in this matter.

Please listen carefully to what I'm about to say, and

if you don't understand something, please stop me.  I would be

happy to clarify any of my questions or explain the matter more

fully; and, as I said earlier, I will be happy for you to

confer with your counsel for as long as you like at any point

during today's conference.

So, first, you have the right to plead not guilty to

the charges against you contained in the indictment.  Do you

understand that?

THE DEFENDANT:  Yes.

THE COURT:  If you did plead not guilty, you would be

entitled to a speedy and public trial by a jury on the charges

against you contained in this indictment.  Do you understand

that?

THE DEFENDANT:  Yes.

THE COURT:  At a trial you would be presumed to be

innocent, and the government would be required to prove you

guilty by competent evidence beyond a reasonable doubt before

you could be found guilty.  Do you understand that?

1           THE DEFENDANT:  Yes.

2           THE COURT:  A jury of 12 people would have to agree

3    unanimously that you were guilty, and you would not have to

4    prove that you were innocent if you were to go to trial.  Do

5    you understand that?

6           THE DEFENDANT:  Yes.

7           THE COURT:  At trial, and at every stage of your case,

8    you would be entitled to be represented by a lawyer.  If you

9    could not afford a lawyer, one would be appointed for you at

10   public expense, that is, free of cost.  Do you understand that?

11          THE DEFENDANT:  This I did not quite understand.

12          THE COURT:  Thank you.

13          So, you have the right to a free lawyer in this case.

14   Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Thank you.

17          So, you need not worry.  To the extent that you wish

18   to proceed to trial in this case, you would be entitled to a

19   free lawyer who would represent you throughout the proceedings.

20   Do you understand that?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Thank you.

23          So, during a trial the witnesses for the government

24   would have to come to court and testify in your presence.  Your

25   lawyer could cross-examine the government's witnesses and

J9K7QUP

object to evidence offered by the government.  Do you

understand that?

          THE DEFENDANT:  Yes.

          THE COURT:  At trial you would also have the

opportunity to offer evidence on your own behalf if you wished

to do so, and you would have the right to compel witnesses to

come to court to testify in your defense.  Do you understand

that?

          THE DEFENDANT:  Yes.

          THE COURT:  At a trial, you would have the right to

testify if you chose to do so, but you would also have the

right not to testify.  And if you decided not to testify, no

one, including the jury, could draw any inference or suggestion

of guilt from the fact that you did not testify.  Do you

understand that?

          THE DEFENDANT:  Yes.

          THE COURT:  Do you understand that by pleading guilty,

you are giving up your right to seek suppression -- that is,

exclusion from introduction in evidence at any trial -- of any

evidence against you that the government may have obtained

improperly?

          THE DEFENDANT:  Yes.

          THE COURT:  If you were convicted at a trial, you

would have the right to appeal that verdict.  Do you understand

that?

J9K7QUP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes. |
| 2 | THE COURT:  Thank you. |
| 3 | Now, even now as you are preparing to enter this plea |
| 4 | you have the right to change your mind and plead not guilty, |
| 5 | and to go to trial on the charges against you contained in this |
| 6 | indictment.  Do you understand that? |
| 7 | THE DEFENDANT:  Yes. |
| 8 | THE COURT:  If you plead guilty, you will also have to |
| 9 | give up your right not to incriminate yourself.  I say that |
| 10 | because I expect that later during today's proceeding I will |
| 11 | ask you questions about what you did in order to satisfy myself |
| 12 | that you were guilty as charged, and you will have to admit and |
| 13 | acknowledge your guilt.  Do you understand that? |
| 14 | THE DEFENDANT:  Yes. |
| 15 | THE COURT:  Thank you. |
| 16 | So, if you plead guilty, and if I accept your plea, |
| 17 | you will give up your right to a trial and the other rights |
| 18 | that we have just discussed -- other than your right to a |
| 19 | lawyer, which you have regardless of whether or not you plead |
| 20 | guilty -- but there would be no trial, and I will enter a |
| 21 | judgment of guilty and a sentence on the basis of your plea. |
| 22 | There will be no appeal with respect to whether the government |
| 23 | could use the evidence that it has against you, or with respect |
| 24 | to whether you did or did not commit these crimes.  Do you |
| 25 | understand that? |

J9K7QUP

1            THE DEFENDANT:  Yes.

2            THE COURT:  Thank you very much.

3            So, we have just discussed a number of important

4    rights that you have.  Did you understand each and every one of

5    those rights?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Thank you.

8            And are you willing to give up your right to a trial

9    and the other rights that I've just discussed with you?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Thank you.

12           So, let me ask, I understand that you've received a

13   copy of the indictment.  Can I ask, have you read it or has it

14   been translated for you?

15           THE DEFENDANT:  Yes, I read it.

16           THE COURT:  Thank you.

17           Do you understand that Count One charges that from at

18   least in or about January 2016, up to and including July 2018,

19   in the Southern District of New York and elsewhere, you and

20   others known and unknown conspired to traffic in counterfeit

21   goods and services in violation of 18 U.S.C. Section 2320?  Do

22   you understand that's the nature of the charge against you in

23   Count One of the indictment?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Thank you.

J9K7QUP

1          Counsel for the United States, can I ask you to please

2     state the elements of that offense.

3          MR. NESSIM:  Yes, your Honor.  If this case were to

4     proceed to trial, the government would need to prove the

5     following elements beyond a reasonable doubt:  First, that two

6     or more persons agreed to try to accomplish a common and

7     unlawful plan to traffic in counterfeit goods as charged in

8     Count Two of the indictment -- and I can explain those elements

9     in a few moments, your Honor -- second, that the defendant

10    knowingly and willfully participated in that conspiracy; and,

11    third, that in advancing, furthering or carrying out the

12    scheme, the defendant or his coconspirators committed an overt

13    act.

14          THE COURT:  Thank you.

15          Let me ask the defendant, do you understand that Count

16    Two charges that from at least in or about January 2016, up to

17    and including July 2018, in the Southern District of New York

18    and elsewhere, you knowingly and intentionally trafficked and

19    attempted to traffic in goods and services, and that you

20    knowingly used a counterfeit mark on and in connection with

21    those goods and services, in violation of 18 U.S.C. Section

22    2320 and 2?  Do you understand that that's the nature of the

23    charge against you in Count Two?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Thank you.

J9K7QUP

1          Counsel for the United States, can I ask you to please

2     state the elements of that offense.

3          MR. NESSIM:  Yes, your Honor.  As to Count Two, the

4     government would need to prove beyond a reasonable doubt that

5     the defendant intentionally trafficked in goods and that those

6     goods involved the knowing use of a counterfeit mark, which

7     means a mark likely to cause confusion, to cause mistake or to

8     deceive relative to a registered trademark.

9          THE COURT:  Good.  Thank you very much.

10          So, let me ask the defendant, do you understand that

11     if you were to go to trial for each of these charges, that the

12     government would have to prove all of the substantive elements

13     of each of the charges beyond a reasonable doubt?

14          THE DEFENDANT:  Yes, I do.

15          THE COURT:  Thank you.  Now, I'm going to tell you the

16     maximum possible penalty for these crimes.  The maximum means

17     the most that could possibly be imposed.  It does not mean that

18     it's what you will necessarily receive, but you have to

19     understand by pleading guilty you're exposing yourself to the

20     possibility of receiving any combination of punishments up to

21     the maximum that I'm about to describe.  Do you understand

22     that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Thank you.

25          So, first, I'm going to tell you about the possible

J9K7QUP

1   restrictions on your liberty.

2           The maximum term of imprisonment for Count One is ten

3   years, which could be followed by up to three years of

4   supervised release.  The maximum term of imprisonment for Count

5   Two is ten years, which could also be followed by up to three

6   years of supervised release.

7           If you are sentenced to a term of supervised release,

8   you will be subject to supervision by the probation office.

9   There will be rules of supervised release that you will have to

10  follow, and if you violate those rules, you can be returned to

11  prison without a jury trial to serve additional time, with no

12  credit for time that you served in prison as a result of your

13  sentence, and no credit for any time spent on post-release

14  supervision.

15          You should also understand that there is no parole in

16  the federal system, and that if you are sentenced to prison,

17  you will not be released early on parole.  Do you understand

18  that?

19          THE DEFENDANT:  Yes, I do.

20          THE COURT:  Thank you.

21          Second, in addition to these restrictions on your

22  liberty, the maximum possible punishment also includes certain

23  financial penalties:  The maximum allowable fine for each of

24  Counts One and Two is $2 million, or twice the gross monetary

25  gain derived from the offense, or twice the gross monetary loss

J9K7QUP

1    to persons other than yourself, whichever is greater.  Again,

2    that is for each of the two counts.

3            In addition, I can order restitution to any person or

4    entity injured as a result of your criminal conduct.  I can

5    also order you to forfeit all property derived from the offense

6    or used to facilitate the offense.

7            And, finally, I must also order a mandatory special

8    assessment of $100 for each offense to which you pleaded

9    guilty.

10           Counsel, before I proceed, do either of you wish to

11   correct or amend any of the penalties that I've just described?

12           MR. NESSIM:  No, your Honor.

13           MR. PALMA:  Your Honor, I just want to reconfirm the

14   maximum penalty is ten years on each count?

15           THE COURT:  For each count, yes.

16           Thank you.

17           Let me turn to the defendant.  Do you understand that

18   these are the maximum possible penalties?

19           THE DEFENDANT:  Yes, I do.

20           THE COURT:  Thank you.  Do you understand that it is

21   possible, taking both of the counts together, that you could be

22   sent to prison for a total of up to 20 years of imprisonment?

23           THE DEFENDANT:  Yes, I do.

24           THE COURT:  Thank you.

25           Now, I understand that you are not a United States

J9K7QUP

1    citizen, so let me ask:  Do you understand that as a result of

2    your guilty plea there may be adverse effects on your

3    immigration status, including further detention following

4    completion of your sentence?

5               THE DEFENDANT:  Yes, I do.

6               THE COURT:  Do you understand that as a result of your

7    guilty plea, you may be removed from the United States, denied

8    citizenship and denied admission to the United States in the

9    future?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Thank you.

12              Do you understand that your guilty plea and conviction

13   make it very likely that your removal from the United States is

14   presumptively mandatory?

15              THE DEFENDANT:  Yes, I do.

16              THE COURT:  Thank you.

17              Did you discuss the possible immigration consequences

18   of your plea with your lawyer?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Do you understand that in the event your

21   conviction results in adverse effects on your immigration

22   status, that you will still be bound by your plea of guilty and

23   that you will not be allowed to withdraw your plea, regardless

24   of any advice that you received from your counsel or any others

25   regarding the immigration consequences of your plea?

J9K7QUP

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Thank you.

3          Do you understand that as a result of your guilty

4     plea, you may lose certain valuable civil rights -- to the

5     extent that you have them now or might obtain them now -- such

6     as the right to vote, the right to hold public office, the

7     right to serve on a jury, and the right to possess any kind of

8     firearm?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Are you serving any other sentence, either

11     state or federal?

12          THE DEFENDANT:  No.

13          THE COURT:  Thank you.

14          To your knowledge, are you being prosecuted in state

15     court currently for any crime?

16          THE DEFENDANT:  No.

17          THE COURT:  Thank you.

18          Do you understand that if your lawyer or anyone else

19     has attempted to predict what your sentence will be, that their

20     prediction could be wrong?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you understand that the sentence

23     ultimately imposed may be different from any estimate your

24     attorney may have given you?

25          THE DEFENDANT:  Yes, I know.

1          THE COURT:  That's good, because no one can give you

2     any assurance of what your sentence will be, because I'm going

3     to decide your sentence?  And I'm not going to do that now; do

4     you understand that?

5          THE DEFENDANT:  Yes, I do.

6          THE COURT:  Thank you.

7          Now, before I impose your sentence, I will review a

8     presentence report prepared by the probation department.  You

9     and your lawyer, and the lawyer for the government, will have

10    the opportunity to challenge the facts that are reported in the

11    presentence report and also the application of the advisory

12    sentencing guidelines recommended by the probation officer.

13         I am obliged to do my own independent calculation of

14    the advisory sentencing guidelines range that applies in your

15    case.  After your initial advisory range has been determined, I

16    have the authority in some circumstances to depart upward or

17    downward from that range.

18         Ultimately, I will determine what a reasonable

19    sentence is for you based on a number of sentencing factors

20    contained in the statute found at 18 United States Code Section

21    3553(a).  That may result in the imposition of a sentence that

22    is either greater or lesser than the advisory sentencing

23    guidelines range.

24         THE DEFENDANT:  Yes.

25         THE COURT:  Thank you.

J9K7QUP

1              Do you understand all of that?

2              THE DEFENDANT:  Yes, I do.

3              THE COURT:  Thank you.

4              Have you and your attorney discussed how the advisory

5    sentencing guidelines might apply to your case?

6              THE DEFENDANT:  Yes, my lawyer explained all that to

7    me.

8              THE COURT:  Good.  Thank you.

9              So, even if your sentence is different from what your

10   lawyer or anyone else has told you it might be, even if it's

11   different from what you expect or from what is contained in the

12   letter that you received from the United States, you will still

13   be bound by your guilty plea, and you will not be allowed to

14   withdraw your plea of guilty.  Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Thank you.

17             So, we've just discussed a number of important

18   consequences of your plea.  Do you understand all of the

19   possible consequences of your plea that we've just discussed?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Thank you.

22             Now, I understand that there is no plea agreement

23   between the defendant and his counsel and counsel for the

24   United States.  So, let me turn to counsel for defendant.

25   Counsel, did the prosecution make any formal plea agreement

J9K7QUP

1    offers to the defendant?

2              MR. PALMA:  The answer is, yes, we negotiated it, and

3    then after considering all of the factors we elected not to

4    accept the plea agreement.

5              THE COURT:  Thank you.

6              So, the terms of the plea offer were fully conveyed to

7    the defendant; is that correct?

8              MR. PALMA:  Yes.

9              THE COURT:  Thank you.

10             And he has determined not to take the offer that was

11   made by the United States; is that right?

12             MR. PALMA:  We made that decision together.  He

13   followed my advice.

14             THE COURT:  Thank you.  Good.

15             So, instead of a plea agreement, pursuant to the

16   instructions of the Second Circuit in United States v.

17   Pimintel, the United States has prepared a letter setting forth

18   its view of what the sentencing guidelines will be at

19   sentencing.  I'm going to mark this letter as Court Exhibit 1,

20   and I will provide it to the United States to retain in its

21   possession.

22             Before I hand it forward, I would like to ask the

23   defendant some questions about this letter.  The letter is

24   dated September 20, 2019 to Mr. Palma from assistant United

25   States attorney Daniel Nessim.

J9K7QUP

1          So, let me ask the defendant:  Have you seen this

2     letter?

3          THE DEFENDANT:  Yes, I did, and it was explained to me

4     also.

5          THE COURT:  Thank you.

6          Has it been translated for you, or did you read it?

7          THE DEFENDANT:  Yes, they did translate it, so I have

8     the translation to read.

9          THE COURT:  Thank you.

10         Did you discuss it with your lawyer?

11         THE DEFENDANT:  Yes, we went over the letter.

12         THE COURT:  Thank you.

13         Do you fully understand what the government is saying

14     in this letter?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Thank you.

17         Now, in the letter, among other things, the government

18     indicates its belief that the applicable range under the

19     advisory sentencing guidelines is 24 to 30 months' imprisonment

20     and that the applicable fine range is $10,000 to $2 million.

21         Now, I want to stress that the calculations summarized

22     in this letter constitutes the government's view of what the

23     sentencing guidelines calculations are.  They are not binding

24     on you and, more importantly, they're not binding on me.

25         As I told you earlier, I have my own independent

J9K7QUP

1    obligation to determine what the appropriate guidelines range

2    is in this matter and then what the appropriate sentence is.

3    Now, I'm not saying that I will come up with any range that's

4    different than the one contained in the government's letter.  I

5    may agree or I may disagree.  I don't know at this point.

6              What is important is that you understand, in any

7    event, whatever sentence I impose, I will not let you withdraw

8    your plea, even if the ranges I determine is higher than the

9    range that the government has stated in its Pimintel letter or

10   higher than you expected.  Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Thank you.

13             So, let me ask, has anyone made any promise to you or

14   offered you any inducement to plead guilty?

15             THE DEFENDANT:  Yes, I do come to plead guilty on my

16   own.

17             THE COURT:  Thank you.

18             Has anyone made you any promise in connection with

19   this plea?

20             THE DEFENDANT:  No, not at all.

21             THE COURT:  Thank you.

22             Has anyone threatened you or forced you to plead

23   guilty?

24             THE DEFENDANT:  No.

25             THE COURT:  Thank you.

1        Has anyone made a promise to you regarding what your

2   sentence will be?

3        THE DEFENDANT:  No.

4        THE COURT:  Thank you.

5        So, I told you earlier in this proceeding that there

6   would come a time when I would ask you to tell me what it is

7   you did that makes you believe you are guilty of each of these

8   two offenses.  Now is that time.  Would you please tell me what

9   it is that you did that makes you believe that you are guilty

10  of each of these offenses.

11       MR. PALMA:  And, your Honor, for the record, I've

12  prepared a written statement that Mr. Qu will be reading into

13  the record.  He will be reading it.  It's translated in

14  Mandarin.  It's a summary of what we are prepared today to

15  state what he has done in this case.

16       THE COURT:  Thank you.  Please proceed.

17       THE DEFENDANT:  In 2018 I helped my son, Fangrang Qu,

18  on several occasions to move sneakers from a warehouse in

19  Queens.  At the time I believed these sneakers were imitation

20  sneakers of a named brand.  I believed these sneakers were

21  imitations because on the occasions when I entered the

22  warehouse I observed piles of labels and individuals sewing

23  these labels onto the sneakers.  In addition, at the time of my

24  arrest, I knew my son stored these sneakers at our home in

25  Hicksville, New York.

J9K7QUP

1          THE COURT:  Thank you.

2          So, first, counsel, let me ask the defendant:  When

3    you did those things, did you know what you were doing was

4    wrong and illegal?

5          THE DEFENDANT:  Yes, wrong, and they are illegal.

6          THE COURT:  Thank you.

7          Counsel for defendant, do you know of any valid

8    defense that would prevail at trial, or do you know of any

9    reason why your client should not be permitted to plead guilty?

10          MR. PALMA:  There is no valid defense, and there is no

11    reason that I can think of why he is not prepared to plead

12    guilty today.

13          THE COURT:  Thank you.

14          Counsel for the United States, are there any

15    additional questions you would like me to ask this defendant?

16          MR. NESSIM:  No, your Honor.  But I would just proffer

17    as to an overt act, that members of this conspiracy -- the

18    defendant proffered to several overt acts, but an overt act

19    included a coconspirator Jian Min Huang placing a phone call to

20    allow for the sale of a portion of those counterfeit sneakers.

21          In addition, the government would proffer that

22    evidence at trial would establish as to venue that members of

23    the conspiracy moved both finished and unfinished sneakers

24    through the Southern District of New York.

25          THE COURT:  Thank you.

J9K7QUP

```
1              Counsel for defendant, do you accept the government's
2    proffer as it relates to venue?
3              MR. PALMA:  Yes.
4              THE COURT:  Thank you.  Good.
5              So, counsel, let me turn to each of you.  Do you agree
6    that there is a sufficient factual predicate for a guilty plea
7    at this time?
8              MR. NESSIM:  Yes, your Honor.
9              MR. PALMA:  Yes, your Honor.
10             THE COURT:  Thank you.
11             Does either of you know of any reason that I should
12   not accept the defendant's plea of guilty?
13             MR. NESSIM:  No.
14             MR. PALMA:  There is none, your Honor.
15             THE COURT:  Thank you.
16             Let me ask the defendant to please stand.  Would you
17   please stand.  Thank you.
18             Count One charges that from at least in or about
19   January 2016 up to and including July 2018, in the Southern
20   District of New York and elsewhere, you and others known and
21   unknown conspired to traffic in counterfeit goods and services
22   in violation of 18 U.S.C. Section 2320.  How do you plead to
23   this count?
24             THE DEFENDANT:  I plead guilty.
25             THE COURT:  Thank you.
```

J9K7QUP

|||
|---|---|
| 1 | Count Two charges that from at least in or about |
| 2 | January 2016, up to and including July 2018, in the Southern |
| 3 | District of New York and elsewhere, you knowingly and |
| 4 | intentionally trafficked, and attempted to traffic in goods and |
| 5 | services, in that you knowingly used a counterfeit mark on and |
| 6 | in connection with those goods and services, in violation of |
| 7 | Title 18 United States Code Sections 2320 and 2.  How do you |
| 8 | plead to this count? |
| 9 | THE DEFENDANT:  I plead guilty. |
| 10 | THE COURT:  Thank you. |
| 11 | There are forfeiture allegations in the indictment |
| 12 | with respect to each of Counts One and Two.  Do you admit the |
| 13 | forfeiture allegations with respect to each of Counts One and |
| 14 | Two of the indictment? |
| 15 | THE DEFENDANT:  Yes, I do. |
| 16 | THE COURT:  Thank you. |
| 17 | It is the finding of the Court in this case that the |
| 18 | defendant is fully competent and capable of entering an |
| 19 | informed plea, that the defendant is aware of the nature of the |
| 20 | charges and the consequences of the plea, and that the plea of |
| 21 | guilty is a knowing and voluntary plea, supported by an |
| 22 | independent basis in fact containing each of the essential |
| 23 | elements of each of the offenses.  The plea is therefore |
| 24 | accepted, and the defendant is now adjudged guilty of that |
| 25 | offense. |

J9K7QUP

1              Thank you very much.  You can be seated.

2              So, let me turn to the defendant.  The probation

3    department will want to interview you in connection with the

4    presentence report that it will prepare, as I was describing it

5    earlier.

6              Counsel for defendant, do you wish to be present for

7    any interview in connection with that?

8              MR. PALMA:  For sure.  And to order a Mandarin

9    interpreter.

10             THE COURT:  I direct that the government provide the

11   probation office with its factual statement within the next

12   seven days.  I order that no interview take place unless

13   counsel for defendant is present.

14             Counsel, please arrange for the defendant to be

15   interviewed by the probation department within the next 14

16   days.

17             Just a brief note for the defendant.  If you choose to

18   speak to the probation department, I would ask that you make

19   sure that anything that you choose to say be truthful and

20   accurate.  The presentence report is very important for me in

21   deciding what the appropriate sentence is to impose; I will

22   read the report very carefully.

23             You and your counsel have the right to examine the

24   report and to comment on it both to the probation officer who

25   is preparing the report and also to me at the time of

J9K7QUP

1    sentencing, so I just want to urge you to review that report

2    and to discuss it with your lawyer prior to sentencing.

3              If there are any mistakes in it, please point them out

4    to your counsel so that he can bring them to the attention of

5    the probation officer who is writing the report, or to my

6    attention at or before sentencing.

7              I'm going to set a sentencing date now.

8              Mr. Daniels, will you please propose a date.

9              DEPUTY COURT CLERK:  Yes, Judge.  Friday, January 24

10   at 4 p.m.

11             MR. PALMA:  Your Honor, may I just consult my diary?

12             THE COURT:  Please do.

13             MR. PALMA:  Your Honor, I have a child care issue on

14   Fridays in the afternoon, so if it could be scheduled in the

15   morning on a Friday, or Monday.

16             THE COURT:  Thank you.  We can find another date.

17             DEPUTY COURT CLERK:  Tuesday, January 28 at 4 p.m.

18             THE COURT:  Counsel, does that date and time work for

19   each of you?

20             MR. NESSIM:  That works for the government, your

21   Honor.

22             MR. PALMA:  That does work.  That's the 28th at 4

23   p.m., Tuesday.

24             THE COURT:  Yes.

25             MR. PALMA:  Thank you.

1          THE COURT:  Good.  Thank you very much.  So,

2    sentencing will take place at that date and time.

3          I understand that the defendant is out on pretrial

4    release at this time.  What is the position of each of the

5    parties regarding his release conditions pending sentencing?

6    First, counsel for defendant?

7          MR. PALMA:  Thank you, your Honor.  First of all, I

8    discussed this with the government pursuant to the Court's

9    instructions, individual practices, and it's my understanding

10   that the government does not oppose my request that you keep

11   him out on bail.  That's number one.

12         Number two, this is a nonviolent crime; there was no

13   mandatory prison term; his ties are to the United States.  Not

14   only are his sons living here, and his daughter-in-laws, and

15   his grandchildren, but his elderly parents live in Corona,

16   Queens, who he takes care of or was taking care of every day

17   until he was arrested in this case.

18         So, although he is a Chinese immigrant who has been in

19   the country I think about ten years and got status through his

20   mother's petition, it's my understanding he hasn't been back to

21   China.  He has surrendered his passport to pretrial, has been

22   in full compliance with pretrial, and he is under electronic

23   monitoring.  He only comes out of the house to visit me and on

24   one or two occasions I've written to the Court for cultural

25   events that the Court permitted him to attend.  But for those

J9K7QUP

reasons I request respectfully, your Honor, that you maintain

his bail status.

THE COURT:  Thank you.  What's the position of the

United States on that application?

MR. NESSIM:  No objection to maintaining the

defendant's bail status.

THE COURT:  Good.  Thank you very much.

So, I'm going to maintain the defendant's current bail

status.  I find that based on the defendant's proffer and his

conduct to date while on pretrial release that I can conclude

that he is not likely to flee or to pose a danger to the safety

of other persons or the community.  As a result, I will

maintain the current conditions of his bond.

Before I discuss that issue briefly with the

defendant, counsel, let me just remind you each with respect to

the sentencing itself to look at my individual rules of

practice, as you already have.  They contain rules regarding

the sentencing process.  In particular, they contain rules

regarding the deadlines for sentencing submissions.  The

principal issue is that they are due no later than two weeks

prior to sentencing for defendant and one week prior to

sentencing for the United States.

So, let me turn back to the defendant.  We have just

discussed the continuation of the conditions of your bond

pending sentencing, and I have agreed to permit you to remain

J9K7QUP

1    at liberty pending sentencing.  I'd like to confirm a couple of

2    things with you, however.  Do you understand that all of the

3    conditions on which you have been released up until now

4    continue to apply?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Thank you.  And do you understand that a

7    violation of any of those conditions can have very serious

8    consequences for you at the time of sentencing?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Thank you.

11             So, you must be in this courtroom for sentencing at

12   the date and time set, unless I change the date by written

13   order.  If you are not here at that time, you will be guilty of

14   a separate crime, that is, bail jumping, and you will be

15   subject to a fine and/or prison term in addition to whatever

16   sentence you may receive for the crime to which you have just

17   pleaded guilty.

18             Do you understand that?

19             THE DEFENDANT:  Yes, I do.

20             THE COURT:  Good.  Thank you very much.

21             So, thank you, counsel.  Is there anything else that

22   we should take up before we adjourn?  Counsel for the United

23   States?

24             MR. NESSIM:  No, your Honor.  Thank you.

25             THE COURT:  Thank you.

J9K7QUP

1          Counsel for defendant?

2          MR. PALMA:  Nothing else at this time, your Honor.

3          THE COURT:  Good.  Thank you very much.

4          This proceeding is adjourned.

5          (Adjourned)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25